UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | MDL Docket No. 1953 |
| | ) | |
| | ) | CHIEF JUDGE JAMES G. CARR |
| HEPARIN PRODUCTS | ) | CASE NO. 1:08-60000 |
| LIABILITY LITIGATION | ) | |
| | ) | All Cases |

Second Amended PRETRIAL ORDER NO. 3
Appointment of Plaintiffs' Leadership Committees

The Judicial Panel on Multidistrict Litigation has transferred actions in the above -

captioned matter for this Court for coordinated and consolidated pretrial proceedings pursuant to

28 USC Section 1407 as part of a nationwide litigation involving the drug Heparin.  There is also

currently pending related litigation in Cook County, Illinois before the Honorable Judge Duncan-

Brice.  Pursuant to these Courts jurisdiction over these actions, this Court hereby amends Pretrial

Order No. 3 as follows:

The Court hereby amends the Plaintiffs' Leadership PEC and PSC as follows: **Plaintiffs'
Executive Committee (PEC) Members**

David Zoll (Zoll, Kranz & Borgess, Toledo, OH) Liaison Counsel
John Evans (Specter Specter Evans & Manogue, P.C., Pittsburgh, PA)
Daniel Becnel (Becnel Law Offices, Reserve, LA)
Daniel Gallucci (Rodanast, P.C., Lancaster, PA)
Janet Abaray (Burg Simpson Eldredge Hersh & Jardine, Cincinnati, OH)
Donald Nolan (Nolan Law Group, Chicago) - State Court Lead Counsel

**Plaintiff's Steering Committee (PSC) Members**

Camilo K. Salas, III (Salas & Co. New Orleans, LA)
Richard Meadow (Lanier Law Firm, New York, NY)
Scott Weinstein (Morgan & Morgan, Ft. Myers)
Eric M. Quetglas-Jordan (Quetglas/Archie Lamb/Kirk Wood, Birmingham, AL)
Ron Goldman (Baum Hedlund, Aristei & Goldman, PC, Los Angeles, CA)
Andy Alonzo (Parker & Wachman, New York, NY)
Daniel Lapinski (Wilentz, Goldman & Spitzer, NJ)
Michael London (Douglas & London, New York, NY)
Mike Papantonio (Levin, Papantonio, et al., Pensacola, FL)
Mark Robinson (Robinson, Calcagnie & Robinson, Newport Beach, CA)
Jeffrey B. Killino (Woloshin & Killino, P.C., Philadelphia, PA)
H. Blair Hahn  (Richardson, Patrick, Westbrook & Brickman, LLC, Mt. Pleasant, SC)

It shall be the Executive Committee's duty to coordinate the responsibilities of the PSC, schedule PSC meetings, keep minutes or transcripts of these meetings, appear at periodic court noticed status conferences, perform other necessary administrative or logistic functions of the PSC and carry out any other duty as the Court may order.

The PSC will have the following responsibilities:

Discovery

(1)     Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi district litigation.

(2)     Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

(3)     Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.  Similar requests, notices and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(4)     Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

Hearings and Meetings

(1)     Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court.  Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(2)     Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(3)     Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different.

Miscellaneous

(1)     Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve mattes within the sphere of the responsibilities of the PSC.

(2)     Negotiate and enter into stipulations with Defendants regarding this litigation.  All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation.  Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five (5) days after he/she knows or should have reasonably become aware of the stipulation.  Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

(3)     Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

(4)     Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all MDL Plaintiffs or their attorneys.

(5)     Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing sub-committees comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC.

(6)     Perform such other functions as may be expressly authorized by further orders of this Court.

3

**Plaintiffs' Counsel's Time and Expense Submissions**

      Reimbursement for costs and/or fees for services of all plaintiffs' counsel performing functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.  The following standards and procedures are to be utilized by any counsel seeing fees and/or expense reimbursement.

General Standards

      (1)      All time and expenses submitted must be incurred only for work authorized by the Plaintiffs' Executive Committee and/or state lead counsel.

      (2)      These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 1953 and the CSCL.

      (3)      Time and expense submissions must be submitted on the forms prepared by Plaintiffs' Liaison Counsel (PLC) and approved by the Courts.  The forms will be available from PLC.

      (4)      Time and expense submissions must be submitted timely, upon request, to Plaintiffs' Liaison Counsel, David Zoll 6620 West Central Ave., Toledo, OH 43617, phone (419) 841-9623, fax (419) 841-9719, email david@toledolaw.com

      (5)      All submissions shall be transmitted electronically or in hard copy to Plaintiffs' Liaison Counsel.  If hard copy submissions are made, an original and one duplicate copy must be provided.

Time Reporting

      (1)      Only time spent on matters common to all claimants in MDL 1953 and the CSCL will be considered in determining fees.  No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted.

      (2)      All time must be accurately and contemporaneously maintained.  Time shall be kept according to these guidelines and specifically in accordance with the Litigation Tax Definitions as outlined in Attachment "A".  All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location and particular activity (such as "conduct of deposition of A.B").  The failure to maintain

such records, as well as insufficient description of the activity may result in a forfeiture of fees.

(3)    All time for each firm shall be maintained in quarter-of-an-hour increments.  Failure to do so may result in time being disallowed.

(4)    All time records shall be submitted together with a form summarizing the total of member firm time broken down by the name of the person performing the task, the task, and the time spent on the task.  The summary report form may be obtained from Plaintiffs' Liaison Counsel or from the Court's website.

(5)    Only professional time for tasks performed by attorneys and paraprofessionals shall be submitted.

(6)    The submission of time shall be certified by a senior partner each month attesting to the accuracy and correctness of the monthly submission.

<u>Expense Reporting</u>

Anyone seeking reimbursement of expenses shall keep record for such expenses.

(1)    Advanced costs will be deemed as either "Shared" or "Held."

    a.    Shared Costs are costs that will be paid out of a separate Plaintiffs' Steering Committee MDL 1953 Fund account to be established by Plaintiffs' Liaison Counsel and to be funded by all members of the PSC and others as determined by the PSC.   The PSC MDL 1953 Fund account will be administered by Adele Jasion, Gilmore, Jasion & Mahler, Ltd. 1715 Indian Wood Circle, Suite 100, Maumee, OH 43537

    b.    Held Costs are those that will be carried by each attorney in MDL 1953 and the CSCL and reimbursed as and when determined by the PSC and state court lead counsel.

(2)    Each member of the PSC and any others as set forth in section (1) above will contribute to the Plaintiffs' Steering Committee MDL 1953 Fund at times and in amounts sufficient to cover the administration of the MDL. The timing and amount of each assessment will be determined by the PSC.

<u>Shared Costs</u>

(1)    Shared Costs are costs incurred for the common benefit of the MDL and the CSCL as a whole.  No client-related costs can be considered as Shared

Costs.  All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the MDL account.   All Shared Costs must be approved by Plaintiffs' Liaison Counsel and Donald J. Nolan prior to payment.  Shared Costs include:

a.     Court, filing and service costs
b.     Deposition and court reporter costs
c.     Document Depository: creation, operation, staffing, equipment and administration
d.     Plaintiffs' Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.)
e.     PSC group administration matters such as meetings and conference calls
f.     Legal and accountant fees
g.     Expert witness and consultant fees and expenses
h.     Printing, copying, coding, scanning (out of house or extraordinary firm cost)
i.     Research by outside third party vendors/consultants/attorneys
j.     Common witness expenses including travel
k.     Translation costs
l.     Bank or financial institution charges
m.     Investigative services

(2)     Plaintiffs' Liaison Counsel shall prepare and be responsible for distributing to the appropriate plaintiffs' counsel and the PSC reimbursement procedures and the forms associated therewith.  Request for payments should include sufficient information to all Plaintiffs' Liaison Counsel and the CPA to account properly for costs and to provide adequate detail to the Court.  All requests shall be subject to review and approval by Plaintiffs' Liaison Counsel.

Held Costs

(1)     Held Costs are costs incurred for the global benefit of the MDL and the CSCL.  Held costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general.  No specific client-related costs can be considered as Held Costs.  All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration for future reimbursement.

6

        a.      Telefax charges
        b.      Postage, shipping, courier, certified mail
        c.      Printing and photocopying (in-house)
        d.      Computerized research - Lexis/Westlaw
        e.      Telephone - long distance (actual charges only)
        f.      Travel - (following the travel expense guidelines set forth in Section 5) - for attorney for deposition, court or legislative including:
                i.      Airfare
                ii.     Reasonable ground transportation
                iii.    Hotel
                iv.    Reasonable meals and entertainment
                v.     Reasonable other (parking)
                vi.    Car rental, cabs, etc.
        g.      Secretarial and clerical overtime

(2)      Held Cost records shall be submitted to Plaintiffs' Liaison Counsel on a monthly basis.

<u>Travel Limitations</u>

Except in extraordinary circumstances approved by Plaintiffs' Liaison Counsel or the PEC, all travel reimbursements are subject to the following limitations:

(1)      <u>Airfare</u>.  Only the lowest-priced available coach airfare at time of booking (either at restricted coach rates or rates which allow the reservation to be rebooked without surcharge and other agency fees) for a reasonable itinerary will be reimbursed.  Notwithstanding the foregoing, first class airfare shall be allowed for cross-country flights that are in excess of four hours non-stop flight time or international flights.

(2)      <u>Hotel</u>.  Hotel room charges will be reimbursed up to the greater of (a) $250 per night excluding taxes, or (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels in that city.

(3)      <u>Meals</u>.  Meals expenses must be reasonable.  There will be no reimbursement for alcohol.

(4)      <u>Cash Expenses</u>.  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(5)      <u>Rental Automobiles</u>.  Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available.  If luxury

automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed.

(6)     Mileage.  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm.  The maximum allowable rate will be the maximum rate allowed by the IRS (currently 40.5 cents per mile).

Non-Travel Limitations

The following apply:

(1)     Long Distance and Cellular Telephone: Long distance and cellular telephone charges must be documented.  Copies of the telephone bills must be submitted with notations as to which charges relate to the Heparin litigation.

(2)     Shipping, Courier and Delivery Charges: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

(3)     Postage Charges: A contemporaneous postage log or other supporting documentation must be maintained and submitted.  Postage charges are to be reported at actual costs.

(4)     Telefax Charges:  Contemporaneous records should be maintained and submitted showing faxes sent and received.  The per-fax charge shall not exceed $1.00 per page.

(5)     In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is 25¢ per page.

**State Court Coordination**

It is the intent of the Courts and the Parties to fully coordinate these proceedings with the Consolidated State Court Litigation pending in Cook County, Illinois before the Honorable Judge Duncan-Brice (herein "CSCL").  State Court Lead Counsel shall authorize and coordinate the participation of CSCL attorneys in all MDL discovery proceedings, and the time and expenses so incurred shall be submitted and approved under the same procedures set out herein and in accordance with Amended PTO No. 6.  Plaintiffs Liaison Counsel and State Court Lead

8

Counsel shall coordinate the activities of the PSC and CSCL attorneys so as to avoid duplication of effort and maximize efficiency.

<u>Procedures To Be Established by Plaintiffs' Liaison Counsel</u>

Plaintiffs' Liaison Counsel shall establish forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records.  These forms may be obtained from Plaintiff's Liaison Counsel or from the Court's website.  The forms shall be certified by a senior partner in each firm attesting to the accuracy and correctness of the submissions.

Questions regarding the guidelines or procedures or the completion of any forms should be directed to Plaintiffs' Liaison Counsel, David Zoll or the Court.

Accordingly,

**IT IS HEREBY ORDERED AJUDGED AND DECREED,**

This _____ day of January, 2009.


_____
Chief Judge James G. Carr

9

10