IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re.: ,                                                                      Case No. MDL 1953

    Heparin Products Liability Litigation

        Plaintiff


    Pending is defendant Baxter Healthcare Corporation's motion for a protective order to preclude the deposition of its CEO and President, Robert Parkinson. (Doc. 334). Plaintiffs oppose the motion and assert that Mr. Parkinson has personal knowledge of the circumstances prior to and events following the discovery that, for a period of several months, Baxter had put contaminated heparin on the market.

    While not discounting Mr. Parkinson's overall responsibility for the company's operations, defendant contends that his involvement was indirect and, in effect, second-hand, at least with regard to the specific topics about which plaintiffs want to question him. In other words, defendant argues, what Mr. Parkinson knew and knows comes from others responsible, *inter alia*, for operating the corporate entity making and selling heparin, supervising the Chinese suppliers of ingredients, including the tainted ingredient resulting in this litigation, and overseeing Baxter's overall quality control mechanisms.

Plaintiffs point to Mr. Parkinson's testimony before a congressional panel inquiring into the origin, causes and consequences of the "heparin disaster." There is no reason to believe that Mr. Parkinson, despite his acknowledgment of Baxter's responsibility for the manufacture and distribution of tainted heparin, was testifying on the basis of first-hand involvement.

The same still remains true, insofar as I can tell from plaintiff's brief and supporting materials. At the end of the day, he would have been speaking about what others told him about what they did and were doing. Absent some reason to believe that some of those individuals gave him incomplete or inaccurate information, or otherwise acted in a way to impaired his managerial duties during and following the "heparin disaster," I presently can see nothing that he could add to what plaintiffs already know.

I note that Cook County Circuit Judge Jennifer Duncan-Brice, responsible for Illinois state cases, agrees with my conclusion. While I have reached my decision entirely independently on a review of the defendant's motion, plaintiff's response and defendant's reply, her conclusion provides support for my own.

It is, therefore,

ORDERED THAT defendant's motion for a protective order (Doc. 334) be, and the same hereby is granted, without prejudice.

So ordered.

s/James G. Carr
United States District Judge